UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JESUS JAVIER BRITO RIVERA,<br>JOSE ALEXIS DE LA CRUZ MORA,<br>JOSE ANTONIO DE LA CRUZ MORA,<br>DANY RIVERA SANCHEZ,<br>JOAN ALBERTO TORIBIO TAVAREZ, and<br>FREDDYS RIVERA QUEZADA,<br><br>*Defendants.* | **Protective Order**<br><br>**25 Cr. 416 (LAP)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

### Categories

1. **Disclosure Material.**  The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material."  The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not

2023.11.26

authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendant or counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

2023.11.26

**Disclosure and Treatment**

5.    Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.  The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6.    Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

  a.    The defendant;

  b.    Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

  c.    Prospective witnesses for purposes of defending this action.

7.    APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8.    AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material

with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.

**Other Provisions**

9.  This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

10. The Government's designation of material will be controlling absent contrary order of the Court.  The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court.  The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material.  All such persons shall be subject to the terms of this Order.  Defense counsel shall maintain a record of what information has been disclosed to which such persons.

12. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.  If

4

2023.11.26

Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has received, pursuant to warrants issued during the course of the investigation, from various computers, cellphones, and other devices and storage media.  This ESI was obtained from the above-captioned defendants.  Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such ESI, which shall be deemed Sealed Material unless otherwise designated.

14. The defense shall not provide any Disclosure Material to any foreign persons or entities, except if such persons or entities are personnel for whose conduct defense counsel is responsible or if the Court authorizes such disclosure on a case-by-case basis.

**Retention of Jurisdiction**

2023.11.26

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____          Date:  November 11, 2025
Ryan T. Nees
Assistant United States Attorney


_____          Date: _____
Sarah Sacks, Esq.
Counsel for Jesus Javier Brito Rivera


_____          Date: _____
Hannah McCrea, Esq.
Counsel for Jose Alexis De La Cruz Mora


_____          Date: _____
Joshua Horowitz, Esq.
Counsel for Jose Antonio De La Cruz Mora


_____          Date: _____
Benjamin Silverman, Esq.
Counsel for Dany Rivera Sanchez


_____          Date: _____
Lisa Scolari, Esq.
Counsel for Joan Alberto Toribio Tavarez


_____          Date: _____
Cory Garcia , Esq.
Counsel for Freddys Rivera Quezada

SO ORDERED:
Dated: New York, New York
       March 3, 2026

_____
THE HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

6

2023.11.26

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____      Date:  November 11, 2025
Ryan T. Nees
Assistant United States Attorney

*Sarah M. Sacks*      Date:  November 11, 2025
_____
Sarah Sacks, Esq.
Counsel for Jesus Javier Brito Rivera


_____      Date:  _____
Hannah McCrea, Esq.
Counsel for Jose Alexis De La Cruz Mora


_____      Date:  _____
Joshua Horowitz, Esq.
Counsel for Jose Antonio De La Cruz Mora


_____      Date:  _____
Benjamin Silverman, Esq.
Counsel for Dany Rivera Sanchez


_____      Date:  _____
Lisa Scolari, Esq.
Counsel for Joan Alberto Toribio Tavarez


_____      Date:  _____
Cory Garcia , Esq.
Counsel for Freddys Rivera Quezada

6

2023.11.26

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____          Date:   November 11, 2025
Ryan T. Nees
Assistant United States Attorney


_____              Date:   _____
Sarah Sacks, Esq.
Counsel for Jesus Javier Brito Rivera


_____              Date:   _____
Hannah McCrea, Esq.
Counsel for Jose Alexis De La Cruz Mora

_____              Date:      December 1, 2025
Joshua Horowitz, Esq.                                  _____
Counsel for Jose Antonio De La Cruz Mora


_____              Date:   _____
Benjamin Silverman, Esq.
Counsel for Dany Rivera Sanchez


_____              Date:   _____
Lisa Scolari, Esq.
Counsel for Joan Alberto Toribio Tavarez


_____              Date:   _____
Cory Garcia , Esq.
Counsel for Freddys Rivera Quezada

6

2023.11.26

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____        Date:  November 11, 2025
Ryan T. Nees
Assistant United States Attorney

_____        Date:  _____
Sarah Sacks, Esq.
Counsel for Jesus Javier Brito Rivera

_____        Date:  _____
Hannah McCrea, Esq.
Counsel for Jose Alexis De La Cruz Mora

_____        Date:  _____
Joshua Horowitz, Esq.
Counsel for Jose Antonio De La Cruz Mora

/s/ Benjamin Silverman        Date:  _____

Benjamin Silverman, Esq.
Counsel for Dany Rivera Sanchez

        Date:  _____
_____
Lisa Scolari, Esq.
Counsel for Joan Alberto Toribio Tavarez

        Date:  _____
_____
Cory Garcia , Esq.
Counsel for Freddys Rivera Quezada

6

2023.11.26

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____     Date:   November 11, 2025
Ryan T. Nees
Assistant United States Attorney


_____     Date:   _____
Sarah Sacks, Esq.
Counsel for Jesus Javier Brito Rivera


_____     Date:   _____
Hannah McCrea, Esq.
Counsel for Jose Alexis De La Cruz Mora


_____     Date:   _____
Joshua Horowitz, Esq.
Counsel for Jose Antonio De La Cruz Mora


_____     Date:   _____
Benjamin Silverman, Esq.
Counsel for Dany Rivera Sanchez


_____Lisa Scolari /s/_____     Date:       11/18/25_____
Lisa Scolari, Esq.
Counsel for Joan Alberto Toribio Tavarez


_____     Date:   _____
Cory Garcia , Esq.
Counsel for Freddys Rivera Quezada

6

2023.11.26

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____          Date:   November 11, 2025
Ryan T. Nees
Assistant United States Attorney

_____          Date:   _____
Sarah Sacks, Esq.
Counsel for Jesus Javier Brito Rivera

_____          Date:   _____
Hannah McCrea, Esq.
Counsel for Jose Alexis De La Cruz Mora

_____          Date:   _____
Joshua Horowitz, Esq.
Counsel for Jose Antonio De La Cruz Mora

_____          Date:   _____
Benjamin Silverman, Esq.
Counsel for Dany Rivera Sanchez

_____          Date:   _____
Lisa Scolari, Esq.
Counsel for Joan Alberto Toribio Tavarez

_Cory Garcia_          Date:   _____
Cory Garcia , Esq.
Counsel for Freddys Rivera Quezada

6

2023.11.26